Submitted December 15, affirmed December 29, 1978

PARKER et ux, *Respondents,*
*v.*
MARSHALL et al, *Appellants.*

(No. 77-0899, SC 25602)

588 P2d 40

Eldon F. Caley and Jeffrey L. Pugh of Long, Neuner, Dole, Caley & Kolberg, Roseburg, filed briefs for appellants.

Gordon G. Carlson, Roseburg, filed a brief for respondents.

PER CURIAM.

## PER CURIAM.

This appeal involves an easement and is an equitable proceeding. We have read the transcript and examined the exhibits. We agree with the facts as found by the trial judge and the law he applied thereto. We therefore adopt as our opinion so much of his memorandum opinion as is applicable to that part of the decree from which appeal has been taken. It is as follows:

"This proceeding is one in declaratory judgment for the purpose of defining the rights of the respective parties arising from an easement granted by plaintiffs to defendants in connection with the sale of land. Plaintiffs contend that the rights created by the easement inure only to inhabitants of the land conveyed in the same instrument with the easement. Defendants claim that the easement is appurtenant to other land owned by them adjacent to that conveyed at the time of the grant of the easement.

"The parties concede that the easement is 'appurtenant' as opposed to one 'in gross', but a controversy exists as to whether defendants actually had acquired the adjacent property prior to the easement grant or that plaintiffs knew of such acquisition.

"Defendants argue the usual doctrine applies that an easement appurtenant can provide a right of use for access to or from adjacent property if such was the intent of the parties at the time of the grant. While this may be correct under some circumstances, the Court finds that the evidence does not establish such an intent on the part of the plaintiff grantors. Under this finding, the rule as set forth in *College Inns of America v. Cully,* 254 Or 375 that 'a right of way appurtenant to the land conveyed cannot be used by the owner of the dominant [tenement] to pass to or from other land adjacent to or beyond that to which the easement is appurtenant' controls. (See also *Beloit Foundry Co. v. Ryan,* 28 Ill. 2d 379, 192 NE 2d 384.)"

The decree of the trial court is affirmed.